UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-05297-SBA (DMR) |
| Plaintiff, | **ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |
| v. | |
| DESMOND GOH, et al., | |
| Defendants. | |

Currently pending before this Court are Plaintiff's Motion for Default Judgment as to Defendant Desmond Goh ("Motion for Default") and Plaintiff's Motion for Attorneys' Fees ("Motion for Fees"). *See* Docket Nos. 33 and 38. Having reviewed Plaintiff's Motion for Default, Motion for Fees, and accompanying submissions, the Court orders that Plaintiff provide supplemental briefing and evidence in support of both Motions, as set forth below.

**I.     Plaintiff's Motion for Default Judgment**

Plaintiff seeks default judgment on each and every claim in its First Amended Complaint ("FAC"), including various state law claims. *See* Docket No. 33. The Court seeks additional information from Plaintiff on the issue of damages with respect to certain of its state law claims against Defendant.

Although the factual contentions of the operative complaint must be accepted as true when determining the liability of a defaulting defendant, this rule does not apply to statements regarding

damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff must establish damages in default proceedings. Federal Rule of Civil Procedure 55 (b)(2) authorizes a hearing in order to determine damages. While a court is not obligated to hold such hearings, it may not simply rely on bare assertions; it must ensure the propriety of the damages sought. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

### A. Plaintiff's Claims for Breach of Contract; Intentional Interference with Contractual Relations; and Trespass to Chattels

Plaintiff seeks default judgment on various state law claims, including breach of contract, intentional interference with contractual relations, and trespass to chattels. It is unclear from Plaintiff's Motion for Default whether it generally seeks an "accounting" and disgorgement of profits as a remedy for Defendant's alleged violations of these state law claims. Plaintiff alleges in its FAC that it has suffered "damage" but does not provide as part of its Motion for Default any specified amount of monetary relief sought under the foregoing causes of action, nor any legal argument or evidence in support thereof. Thus, with respect to **each** of the foregoing claims, the Court orders Plaintiff to specify the **type of damages** it seeks (*e.g.*, actual damages, punitive damages, and/or disgorgement of profits based on an accounting) **and their corresponding amount**, as well as the legal and factual basis justifying the amount and type of damages sought for each claim. The Court notes that with respect to any punitive damages it seeks, Plaintiff should set forth any and all legal and evidentiary support for the amount of any multiplier claimed. Moreover, Plaintiff should explain why it believes it is legally entitled to an accounting and disgorgement of profits as a remedy for any of the foregoing state law claims, if Plaintiff in fact seeks such a remedy for those claims.

### B. Plaintiff's § 17200 Claim

With respect to Plaintiff's claim under California Business & Professions Code § 17200, Plaintiff shall clarify whether it seeks a remedy other than injunctive relief. If so, Plaintiff shall set forth the amount and nature of any monetary relief sought, including the legal and factual basis justifying such monetary relief and why it would not be duplicative of the relief sought under Plaintiff's other claims.

## II. **Plaintiff's Motion for Fees**

Plaintiff's Motion seeks fees for Defendant's alleged violation of the Lanham Act. Plaintiff should clarify whether it seeks fees on any other basis aside from its federal or state trademark infringement claims. If so, Plaintiff should provide any and all legal authority for claiming fees on such other basis, as well as all evidentiary support as appropriate.

By no later than **January 18, 2011**, Plaintiff shall file and serve Defendant with its supplemental briefing and/or evidence as ordered herein and file a proof of service with the Court. In addition, immediately upon receipt of this Order, Plaintiff shall serve a copy of this Order on Defendant and file a proof of service with the Court. The previously scheduled hearing date of January 13, 2011 on Plaintiff's Motion for Default and Motion for Fees is hereby **VACATED** and rescheduled to **February 3, 2011, at 11:00 a.m.,** in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California 94612**.**

IT IS SO ORDERED.

Dated:  January 3, 2011



_____
DONNA M. RYU
United States Magistrate Judge

3