UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZYNGA GAME NETWORK, INC.,

    Plaintiff,

  v.

DESMOND GOH, et al.,

    Defendants.
_____/

No. C-09-05297-SBA (DMR)

**ORDER RE FURTHER SUPPLEMENTAL BRIEFING**

    The Court is in receipt of the supplemental brief submitted by Plaintiff Zynga, Inc., in response to the Court's January 3, 2011 Order. *See* Docket No. 48. Plaintiff states in its supplemental brief that it is not seeking damages in this case in connection with its claims for breach of contract, intentional interference with contractual relations, or trespass to chattels. *See id.* Plaintiff further states that its "request for damages in this case" is limited to "an accounting... and disgorgement of the profit that Defendant Desmond Goh has realized *as a result of his violations of Zynga's federal trademark rights*." *See id.* (emphasis added). Plaintiff also clarifies that under its § 17200 claim, it seeks only injunctive relief.

    Plaintiff originally moved for default judgment with respect to *all* of its claims in the First Amended Complaint. However, Plaintiff's motion for default and supplemental briefing appear to narrow the claims and remedies that Plaintiff now pursues in its lawsuit. The Court therefore orders Plaintiff to clarify its positions by submitting a further supplemental brief setting forth whether Plaintiff in fact is still moving for default judgment with respect to each of its claims other than its federal trademark and § 17200 claims (i.e., claims under the federal Computer Fraud & Abuse Act;

California Penal Code § 502; common law trademark infringement; common law passing off and unfair competition; breach of contract; intentional interference with contractual relations; and trespass to chattels).  If so, Plaintiff shall also clarify what relief it is seeking with respect to each of the foregoing claims, since it has represented to the Court that it is seeking monetary damages in this case only for Defendant's alleged federal trademark violations.  In this regard, the Court notes that under Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c).  *See also Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *2, 5 (N.D. Cal. June 17, 2009).  In light of the fact that Plaintiff's motion papers only seek injunctive relief under the Lanham Act and § 17200 claims, Plaintiff shall not be entitled to seek injunctive relief under any other claims.

By no later than **January 31, 2011,** Plaintiff shall file and serve Defendant with its further supplemental briefing as ordered herein and file a proof of service with the Court.  In addition, immediately upon receipt of this Order, Plaintiff shall serve a copy of this Order on Defendant and file a proof of service with the Court.

IT IS SO ORDERED.

Dated: January 25, 2011

DONNA M. RYU  
United States Magistrate Judge

2